**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AMORRAY WILSON,

Plaintiff,

v.

MYLES S. HYLTON, UNITED STATES POSTAL SERVICE, JOHN DOES 1-10 (fictitious persons responsible for the damages suffered by Plaintiff), and AMC CORPORATIONS 1-10 (fictitious corporations or entities responsible for the damages suffered by Plaintiff),

Defendants.

Case No. 2:25-cv-02070 (BRM) (JSA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Amorray Wilson's ("Plaintiff") Motion for Default Judgment (the "Motion") against Defendant Myles S. Hylton ("Hylton") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). (ECF No. 13.) The United States filed a letter opposing default judgment and requesting substitution in place of Hylton.[1] (ECF No. 20.) This Court has jurisdiction pursuant to 28 U.S.C. § 1346.[2] Having reviewed and considered the submissions filed in connection with

[1] The Court construes the United States's letter requesting substitution as a cross-motion under 28 U.S.C. § 2679(d)(1). Furthermore, because the United States also asks for time to file an answer after they are substituted in for Hylton, the Court construes their letter as requesting the default against Hylton be vacated under Rule 55(c).

[2] The Complaint states the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶¶ 5–6.) However, this appears to be an error because both Plaintiff and Hylton are citizens of the State of New Jersey (*id.* ¶¶ 2–3), and the Civil Cover Sheet indicates the basis of jurisdiction is based on "U.S. Government Defendant," *i.e.*, 28 U.S.C. § 1346. (*See* ECF No. 1-1.) 28 U.S.C.

the Motion, and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, the United States's request for substitution is **GRANTED** and the claims against Hylton are **DISMISSED WITHOUT PREJUDICE**; the default entered against the United States (previously against Hylton) is **VACATED**; and Plaintiff's Motion for Default Judgment is **DENIED AS MOOT**.

## I. BACKGROUND

For the purpose of this motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises from a motor vehicle accident occurring on September 14, 2023. (ECF No. 1 ¶¶ 8–13.) Plaintiff was the owner and operator of 2009 Toyota Prius (*see id.* ¶ 12), and the United States Postal Service and Defendant Myles S. Hylton were the owner and operator, respectively, of a 1989 Chevrolet S-10 Blazer (*see id.* ¶¶ 8–9). Immediately preceding the accident, Plaintiff was operating the 2009 Toyota Prius traveling north on Route 623 approaching the intersection with Grove Terrace in Montclair, New Jersey. (*See id.* ¶ 12.) Hylton was operating the 1989 Chevrolet S-10 Blazer in a driveway located on Route 623 south "near" the Grove Terrace

---

§ 1346(b)(1) "grants [the] district courts exclusive jurisdiction over civil actions against the United States for money damages arising from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment." *Samuel-Siegel v. United States*, Civ. A. No. 25-2751, 2026 WL 1786134, at *2 (D.N.J. June 22, 2026) (citing *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008), *as amended* (Sept. 29, 2008)).

intersection. (*See id.* ¶ 13.) Hylton attempted to make a left-hand turn onto Route 623 north and struck the 2009 Toyota Prius. (*Id.*)

On March 26, 2025, Plaintiff filed the Complaint against the United States Postal Service and Hylton. (ECF No. 1.) The Complaint alleges a common law negligence cause of action against Hylton (*id.* ¶¶ 15–24) and a common law negligent entrustment cause of action against the United States Postal Service (*id.* ¶¶ 25–30).

On June 26 and March 25, 2026, the Clerk of Court noticed Plaintiff that the action may be dismissed for failure to effect service pursuant to Rule 4(m). (ECF Nos. 3, 6.) On April 8, 2026, the Court entered an order dismissing the action against the United States Postal Service for Plaintiff's failure to serve. (ECF No. 10.)

One day prior, on April 7, 2026, Plaintiff filed the Request for Default against Hylton pursuant to Rule 55(a) (ECF No. 8), which the Clerk's Office granted on April 8, 2026 (Clerk's Entry dated April 8, 2026). On May 18, 2026, Plaintiff filed the Motion for Default Judgment pursuant to Rule 55(b). (ECF No. 13.) Pursuant to Local Civil Rule 7.1(d)(2), an opposition to the Motion was to be filed by June 1, 2026. On June 24, 2026, the Court entered a text order *sua sponte* extending the deadline to oppose the Motion to July 8, 2026. (ECF No. 17.) The text order warned Hylton the failure to file an opposition within the time proscribed "will result in the motion being considered unopposed." (*Id.*) On July 14, 2026, the United States on behalf of Hylton filed the letter opposition default judgment and requesting for substitution. (ECF No. 55.) To date, Plaintiff has not filed a response.

## II. Legal Standard

### A. U.S.C. § 2679(d)(1)

As sovereign, the United States is immune from suit unless it consents to be sued through clear and unequivocal statutory language. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and the Westfall Act, 28 U.S.C. §§ 2671, 2674, 2679, in tandem "provide the 'exclusive' remedy in any 'civil action or proceeding for money damages' stemming from 'torts committed by federal employees acting within the scope of their employment.'" *Giordano v. Hohns*, 159 F.4th 179, 185 (3d Cir. 2025) (internal citation omitted) (first quoting 28 U.S.C. § 2679(b)(1), then quoting *Levin v. United States*, 568 U.S. 503, 509 (2013)). The Westfall Act in conjunction with the FTCA authorizes the Attorney General to substitute the United States for an individual defendant shielding the defendant from personal liability by certifying the defendant was an employee of the federal government and was acting within the scope of his employment at the time of the accident. *See id.* at 182, 185 (citing 28 U.S.C. §§ 2671, 2679(d)(1)).

However, the Attorney General's certification is merely *prima facie* evidence in support of substitution, which may be challenged. *See Giordano*, 159 F.4th at 185 (citing *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992)). A plaintiff challenging substitution bears the burden of rebutting the certification with specific facts demonstrating substitution to be inappropriate. *See Giordano*, 159 F.4th at 185; *see also Taibbi v. Kamlager-Dove*, Civ. A. No. 25-2275, 2026 WL 1649909, at *2–3 (D.N.J. June 8, 2026) ("To rebut, plaintiff must provide more than mere conclusory statements."). If challenged, the reviewing court must determine whether substitution is appropriate by ensuring (1) "the individual defendant is an '[e]mployee of the government' as

defined by the FTCA" and (2) "the alleged tort occurred within the scope of that defendant's employment—which is a question of state law." *Giordano*, 159 F.4th at 186 (alteration in original) (citation omitted) (quoting 28 U.S.C. § 2671); *see also CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008), *as amended* (Sept. 29, 2008) ("[The FTCA] allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law."). The court may "authorize limited discovery into those issues if necessary." *Giordano*, 159 F.4th at 186; *see also Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994) (encouraging courts to permit reasonable discovery if there is reason to believe the certification "is based on a different understanding of the facts than is reflected in the complaint"). If the court determines substitution to be appropriate, the action is dismissed as to the individual defendant and the claims are governed under the FTCA; if not, the action proceeds against the individual defendant and the claims are governed under traditional tort principles. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007); *see also Wilson v. City of Cherry Hill*, Civ. A. No. 10-3866, 2011 WL 3651274, at *3 (D.N.J. Aug. 18, 2011) (noting if substitution is appropriate then the court is required to substitute the United States for the individual defendant "even if the plaintiff may not have a claim against the United States as a result of the substitution"). Neither the Westfall Act nor the FTCA precludes a court from resubstituting the individual defendant if the court subsequently determines substitution to be inappropriate. *See Giordano*, 159 F.4th at 185.

**B. Rule 55(a), (c)**

Rule 55(a) requires the Clerk's Office to enter default against a party whom a judgment for affirmative relief is sought when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Wahab v. New Jersey Dep't of Env't Prot.*, Civ. A. No. 12-6613, 2017 WL 4790387, at *2 (D.N.J. Oct. 24, 2017). Moreover, "entry of default by the Clerk

under [Rule] 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)." *Husain v. Casino Control Com'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

Rule 55(c), however, permits the Court to "set aside an entry of default" at its discretion. *See Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entries of default are not favored, and doubtful cases are "to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Moreover, the grounds for setting aside a default are "less substantial" than would be required for vacating a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ("[A]ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment." (quoting 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2696, 334 (1973))). To determine whether good cause exists to vacate the entry of default, the Court looks at the following four *Poulis* factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the effectiveness of alternative sanctions.[3] *Emcasco Ins. Co.*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

[3] This last factor is not always considered. *See*, *e.g.*, *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano*, 691 F.2d at 656.

**C. Rule 55(b)**

Once the Clerk makes an entry of default, Rule 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)). The district court, rather than the Clerk, must enter the judgment where the amount is not a sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b). The Third Circuit generally disfavors default judgment. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008). While entry of a default judgment is within the district court's discretion, cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citing *Tozer*, 189 F.2d at 244).

Prior to entering a default judgment, the Court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether [the] defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. A. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). In addition, the Court must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (holding these "[t]hree factors control whether a default judgment should be granted.").

Generally, courts treat all pleadings and allegations of a plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbine*, 908 F.2d 1142, 1149 (3d Cir. 1990). However,

the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against defendants. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688, at 58–59 (3d ed. 1998)).

## III. DECISION

Plaintiff moves for default judgment against Hylton. (ECF No. 13.) In response, the United States opposed the Motion, asks to be substituted in place of Hylton, and requests time to file an answer. (ECF No. 20). In light of the United States's opposition to default judgment and request to file an answer, the Court construes the United States's letter as also asking that the default be vacated. The Court first addresses the United States's request for substitution and inherent request to vacate default, then addresses Plaintiff's Motion for Default Judgment. *See Mawalla v. Lakewood Bd. of Educ.*, Civ. A. No. 23-2734, 2025 WL 1260900, at *2 (D.N.J. Apr. 30, 2025) ("When parties file competing motions for default judgment and to vacate the entry of default, courts routinely consider the motion to vacate the entry of default first.").

### A. Request for Substitution of Party

The United States requests substitution for Hylton under U.S.C. § 2679(d)(1). (ECF No. 20). In support of same, a representative of the Attorney General provides the requisite Certificate of Scope of Employment certifying Hylton was acting with the scope of his employment with the United States Postal Service at the time of the motor vehicle accident on September 14, 2023. (ECF No. 20-1.) At this time, Plaintiff has submitted no opposition either rebutting the proffered certification or otherwise challenging the substitution. Accordingly, the United States has

sufficiently demonstrated Hylton was an employee of the federal government and the alleged tort occurred within the scope of his employment with same. *See Wilson*, 2011 WL 3651274, at *4.

Based on the foregoing, the United States's request for substitution (ECF No. 20) is **GRANTED**. The United States is substituted as the proper party defendant in place of Hylton and the claims against Hylton are **DISMISSED WITHOUT PREJUDICE**.

**B. Vacating Default**

Having found that the United States is the proper party, the Court must determine if the default previously filed against Hylton, and now against the United States following their substitution, should be vacated. In support of its opposition to default judgment, the United States argues the attempted service process was procedurally improper and failed to effect service under Rule 4. (*Id.* at 3.) The record establishes Hylton failed to previously effect service against the United States Postal Service (*see* ECF No. 10), and only recently effected service against the United States (*see* ECF No. 20 at 3 (conceding proper service was effected on May 14, 2026)).

It is well-established, "default judgment cannot be entered on a complaint that has not been validly served." *Smith v. Rebstock*, 477 F. App'x 884, 885 (3d Cir. 2012) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995)); *see also Jackson Hewitt Inc. v. Active Income Taxes, Inc.*, Civ. A. No. 22-2355, 2022 WL 17340726, at *4 (D.N.J. Nov. 30, 2022) (noting analysis of the *Poulis* factors is unnecessary if the entry of default was "based on the improper service of the summons and complaint." (quoting *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 603 n.3 (D.N.J. 2003))). In the federal court, service of process upon the United States is governed under Rule 4(i)(1), and service upon an employee of the United States is governed under Rules 4(i)(2) and (3).

Here, the Complaint alleges the causes of action arise out of Hylton's operation of the 1989 Chevrolet S-10 Blazer. (*See* ECF No. 1 ¶¶ 8–13.) Although the Complaint does not specify whether Hylton was sued within his official capacity or his individual capacity, the Complaint does allege the vehicle was owned by the United States Postal Service and Hylton was employed by same at the time of the motor vehicle accident. (*See generally id.*) Therefore, Plaintiff was required to serve the United States to properly effect service upon Hylton under both Rule 4(i)(2) and (3), *see Okwuego v. Pope*, Civ. A. No. 20-14179, 2022 WL 279854, at *2 (D.N.J. Jan. 31, 2022), which was not properly effected prior to the entry of default on April 8, 2026, (*see C*lerk's Entry dated April 8, 2026; ECF No. 20 at 3; *see also* ECF No. 5 (attempting to serve process via regular and certified mail to Hylton's home address)). Therefore, default judgment cannot be entered at this time as the record does not establish Plaintiff effected proper service upon Hylton under Rule 4. *See Smith*, 477 F. App'x at 885.

Based on the foregoing, the default entered against the United States (previously against Hylton) is **VACATED**. Having vacated same, Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED AS MOOT**. *See Doe v. City of Jersey City Bd. of Ed.*, Civ. No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022).

## IV. CONCLUSION

For the reasons set forth above, the United States's request for substitution (ECF No. 20) is **GRANTED** and the claims against Hylton are **DISMISSED WITHOUT PREJUDICE**, the default entered against the United States (previously against Hylton) is **VACATED**, and Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED AS MOOT**. An appropriate order follows.

**Date: September 3, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**